ULLRICH, Appellant,

v.

AUTO–OWNERS INSURANCE COMPANY, Appellee.

[Cite as *Ullrich v. Auto–Owners Ins. Co.* (1991), 81 Ohio App.3d 196.]

Court of Appeals of Ohio,
Summit County.

No. 15133.

Decided Nov. 6, 1991.

*Robert E. Kerper, Jr.* and *Deborah K. Urban,* for appellant.

*Timothy J. Ochsenhirt,* for appellee.

---

CACIOPPO, Presiding Judge.

Appellant, Fred F. Ullrich, Jr., appeals from the trial court's entry of summary judgment in favor of the appellee, Auto–Owners Insurance Company ("Auto–Owners"). We affirm.

### Facts

Ullrich purchased an automobile insurance policy from Auto–Owners for his 1985 Ford Thunderbird. During the term of the policy, Ullrich was injured while riding a motorcycle owned by him and insured under a separate policy of insurance. As the cause of the motorcycle accident was the negligence of an uninsured motorist, Ullrich recovered partial compensation for his injuries under the uninsured motorist provision of his motorcycle insurance policy. Ullrich then sought recovery under the uninsured motorist provision of his automobile insurance policy. Auto–Owners denied coverage, asserting that such coverage was specifically excluded under the policy.

Following Auto–Owners' denial of coverage, Ullrich brought a declaratory judgment action seeking construction of the policy. Ullrich and Auto–Owners filed cross-motions for summary judgment. The trial court granted summary judgment in Auto–Owners' favor, holding that the coverage requested by Ullrich was specifically excluded under the terms of the policy.

### Assignment of Error

"The trial court erred in granting summary judgment in favor of the defendant-appellee Auto–Owners Mutual Insurance Company by concluding that exclusion (e) of the uninsured provisions of the policy applied to the appellant/plaintiff, Fred Ullrich, the name insured herein, thereby defeating his claim for coverage."

In the case at bar, the subject uninsured motorist provision provides:

"UNINSURED MOTORIST COVERAGE We will pay damages for bodily injury which any person occupying or getting in or out of an automobile covered by the Liability Coverage of this policy is legally entitled to recover from the owner or driver of an uninsured motor vehicle. We will also pay damages which another person is legally entitled to recover for care and loss of services of the person injured. The injury must be caused by an accident. The damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle. Whether the injured party is legally entitled to

recover damages and the amount of the damages shall be determined by agreement between the injured party and us. We will not be bound by any judgment for damages obtained without our written consent.

"If you are an individual, we extend this coverage. We will pay bodily injury damages which you are legally entitled to recover from the owner or driver of any uninsured motor vehicle. We give this same protection to any relative living with you who does not own a car.

"An 'uninsured motor vehicle' is one to which no bodily injury liability bond or policy applies at the time of the accident in at least the minimum amounts required by the financial responsibility law where your automobile is normally garaged. It may also be one insured by a company which becomes insolvent. It may be a 'hit-and-run' motor vehicle. * * *

"Exclusions This coverage does not apply:
" * * *

"(e) To bodily injury to any person while occupying or getting in or out of a motor vehicle owned by you or a relative living with you which is not insured for this coverage by this policy."

The trial court held that section (e) of exclusions applied, and denied Ullrich coverage under the policy. In doing so, the court relied on *Hedrick v. Motorists Mut. Ins. Co.* (1986), 22 Ohio St.3d 42, 22 OBR 63, 488 N.E.2d 840. We agree with the trial court that exclusion (e) precludes recovery and that *Hedrick, supra,* is applicable precedent.

In *Hedrick,* the Supreme Court of Ohio held that "[a]n insurance policy provision which denies uninsured motorist coverage, when bodily injury is sustained by any person while occupying a motor vehicle owned by an insured but which vehicle is not specifically insured under the policy, is a valid exclusion." (Emphasis omitted.) *Id.* at syllabus. We can discern no valid reason to distinguish *Hedrick* from the case at bar. Ullrich specifically insured his 1985 Ford Thunderbird under the subject policy, and insured his motorcycle through a separate policy. Provision (e) excludes bodily injury to "any person while occupying or getting in or out of a motor vehicle * * * not insured for this coverage by this policy." Accordingly, *Hedrick* was not covered for the injuries incurred while on his motorcycle, a separately insured motor vehicle.

Ullrich attempts to persuade this court that the policy distinguishes the terms "you" and "any person." Ullrich reasons that he is "you" under the policy terms, and that, as such, provision (e)'s "any person" language does not act to exclude the requested coverage. We do not discern an intent in the

policy to so distinguish these terms and refuse to indulge the strained construction sought by Ullrich.

As stated in *Hedrick, id.* at 43, 22 OBR at 64, 488 N.E.2d at 841:

"Plainly, the policy provision precluded any coverage for bodily injury sustained by any person while occupying a motor vehicle owned by an insured but not insured under the policy. Since the motorcycle was owned by an insured and was not a covered vehicle under the policy [the insurance company] properly denied coverage for any injuries sustained by the [insured] in this accident." (Emphasis omitted.)

The judgment of the trial court is affirmed. The appellee's request for sanctions is denied.

*Judgment affirmed.*

REECE and MAHONEY, JJ., concur.

EDWARD J. MAHONEY, J., retired, of the Ninth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.